# CIRCUIT COURT OF ROANOKE COUNTY

Karen Slone Bratton,
Administrator
of the Estate of
Richard Linwood Slone

v.

Tracie Dowell Nininger,
Jeffrey Scott Dupree,
Ray Sink Pipeline Co.,
and MHM Investments, L.L.C.

June 14, 2010

Case No. CL09-493

BY JUDGE ROBERT P. DOHERTY, JR.

The Plaintiff's complaint alleges that the Defendant landowner obtained a permit from the Virginia Department of Transportation (VDOT) to dig under the highway right-of-way in order to connect a waterline to a business. The independent contractor hired by the landowner did some of the work at night using heavy equipment, lighting, and at least one flagman. Two Defendant drivers in separate vehicles drove past the flagman and into the lighted construction site. The first vehicle struck a front-end loader/dozer, and the second vehicle struck the first vehicle. The collision killed Plaintiff's decedent, a construction worker employed by one of the subcontractors working at the job site.

Plaintiff further alleges that both drivers negligently caused the death of Plaintiff's decedent and that the landowner negligently, or by

violation of specific legal duties, contributed to that death. The legal theories of the landowner's liability, as alleged by Plaintiff, are: (1) that landowner contributed to the death of Plaintiff's decedent because he violated non-delegable duties to comply with the rules set forth by VDOT, a violation of which is negligence *per se*; (2) that the independent contractor was an agent of the landowner and, under the theory of *respondent superior*, the landowner is liable for injury caused by the common law negligence of a servant/independent contractor who undertakes a dangerous task for its principal; (3) that the landowner, through the negligence of the independent contractor, failed to maintain a safe premises, thereby contributing to Plaintiff's damages; and (4) that the manner in which the servant/independent contractor conducted the digging operation created a nuisance that contributed to Plaintiff's damages.

Defendant landowner filed a demurrer and argues that the law in Virginia is not as alleged by Plaintiff. Defendant contends that he owes no duty to an employee of an independent contractor for an injury sustained as a result of the negligence of the independent contractor or as a result of the negligence of a member of the general public. In their oral arguments, both parties mentioned the duty of the landowner to maintain a safe premises and his creation of a nuisance. Defendant's argument is that premises safety and nuisance counts are not issues in this case because, as pleaded, they are dependant upon the Plaintiff's incorrect theories of negligence and negligence *per se*.

### Demurrer

The filing of a demurrer raises a question of law to be decided by the Court. It is an objection and challenge to the pleading filed by the other side. It is as though the demurrant is saying that, under the facts as alleged, no remedy at law exists. In today's parlance, a demurrer is similar to responding to a pleading by saying, "so what." Both parties properly state the standard of review that "[a] demurrer admits the truth of the facts contained in the pleading to which it is addressed, as well as any facts that may be reasonably and fairly implied and inferred from those allegations. A demurrer does not, however, admit the correctness of the pleader's conclusion of law." *Yuzefovsky v. St. John's Woods Apts.*, 261 Va. 97, 102 (2001).

## Negligence

Plaintiff argues that, although the general rule in Virginia "is that an employer of an independent contractor is not liable for injuries to third persons caused by the negligence of the independent contractor or his servants," there are exceptions to that rule. *Smith v. Grenadier*, 203 Va. 740, 747 (1962). He then lists various exceptions to that rule he contends makes the employer/landowner in this case liable for the negligence of the independent contractor. In fact, given the appropriate circumstances, exceptions do exist and an employer can become liable to third parties for the negligence of an independent contractor or his servants. Plaintiff's decedent, however, is not a third party for whom this body of law was designed to protect. Instead, he is an employee or servant of the independent contractor or his subcontractors. The duties discussed in the various authorities cited by Plaintiff are not owed to Plaintiff's decedent. They are owed to third parties to protect them from injury caused by the negligent actions of an independent contractor and his servants. The vicarious liability Plaintiff tries to attach to the employer/landowner does not apply when the injured party is an employee/servant of the independent contractor or his subs. A change in the law as requested by Plaintiff requires legislative action. Accordingly, the demurrer is sustained with prejudice as to that portion of Plaintiff's pleading that deal with the vicarious liability and non-delegable duties of Defendant Landowner, which includes all of Count III.

## Nuisance

The Court is unable to determine from the pleadings what the legal theory or factual circumstances are that Plaintiff contends constitute a nuisance in this case. Accordingly, the demurrer is sustained as to that count. If the nuisance claim is dependent upon the vicarious liability and/or non-delegable duties of the landowner for the negligence of others because of some obligation owed to Plaintiff's decedent, then Plaintiff may not amend that count. If, on the other hand, it depends upon other facts and circumstances and a different legal theory not at this time readily apparent from the pleadings, Plaintiff shall have twenty-one days from the date of the order that is prepared in accordance with this letter opinion to file his Third Amended Complaint. Defendant landowner shall file whatever response or pleading he deems appropriate within twenty-one days thereafter.