## CIRCUIT COURT OF ROANOKE COUNTY

Karen Slone Bratton,
Administrator
of the Estate of
Richard Linwood Slone

v.

Tracie Dowell Nininger,
Jeffrey Scott Dupree,
Ray Sink Pipeline Co.,
and MHM Investments, L.L.C.

November 5, 2010

Case No. CL09-493

By JUDGE ROBERT P. DOHERTY, JR.

In this Court's letter opinion of June 14, 2010,[1] incorporated by reference in an order dated July 12, 2010, the Defendant's demurrer was sustained with prejudice as to the Plaintiff's claims of negligence based on vicarious liability and non-delegable duties. The Court was unable to determine the theory of the Plaintiff's nuisance claim. That count appeared to be dependent on the same non-delegable and vicarious liability negligence claims that the Court had already rejected, but it was not clearly drafted and could possibly have been dependent on a different theory. Accordingly, the demurrer was sustained as to that count also, but without prejudice. The Court further granted Plaintiff leave to file an amended complaint so that he could clarify his nuisance claim, provided it was based on something other than the two theories of negligence already rejected.

Plaintiff chose not to follow the Court's order and instead filed his Third Amended Complaint restating the exact theories and counts of negligence that the Court had already rejected, and for which he was not given leave to amend. He also filed an amended nuisance count but tied it directly into the previously rejected theories as restated in his Third Amended Complaint. Defendant MHM Investments, L.L.C., has again demurred and

---

[1]    80 Va. Cir. 405. [Reporter's Note]

has also objected to Plaintiff refilling the stricken counts of negligence in his amended pleading. Plaintiff claimed in his written argument opposing the new demurrer that he restated his stricken negligence counts only to preserve his objections to the prior ruling of the Court. That was totally unnecessary as Plaintiff already preserved his objections to those rulings in writing.

Plaintiff had been given leave to amend his nuisance count only if it was not dependent on the rejected negligence theories. Plaintiff was specifically told in the original letter opinion that, "If the nuisance claim is dependent upon the vicarious liability and/or non-delegable duties of the landowner for the negligence of others because of some obligation owed to Plaintiff's decedent, then Plaintiff may not amend that count." Plaintiff completely ignored the Court's ruling. He tied the argument in support of his nuisance count directly into the rejected and republished theories of negligence, and made the tongue-in-cheek comment in his written argument that "The plaintiff is not asking the Court to revisit the issue of the appropriateness of its dismissal of the negligence count." In fact, that is precisely what the Plaintiff is asking the Court to do. It is what the Defendant felt compelled to reargue in a new and lengthy written argument. It is what has delayed this case since July.

Plaintiff did not file a proper Third Amended Complaint within the twenty-one days as allowed by this Court's order of July 12, 2010. The attempt to file a Third Amended Complaint is therefore rejected as not timely filed and not filed in accordance with the Court's instructions. It is a nullity and will not be considered as a proper pleading in this case. See *Winston v. Winston*, 144 Va. 848 (1925). The demurrers previously sustained in this case remain in full force and effect.

It is difficult to conceive why a lawyer would so blatantly disregard the Court's clear order. Needless to say, Plaintiff and Plaintiff's counsel are reminded of that requirement, and they are encouraged to comply with the Court's directives in the future. This admonition should be sufficient to prevent any additional problems. The Court will not consider a motion for sanctions against Plaintiff or Plaintiff's counsel at this time.